IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1786c |
| | ) | (Senior Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

I.

Denies the allegations contained in the first sentence of the section titled "parties" for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the second sentence of the section titled "parties" constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

II.

The allegations contained in the section titled "jurisdiction"constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

III.

The allegations contained in the section titled "jurisdiction"constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

IV.

1. Admits.

2. Admits.

3. Admits the allegation contained in paragraph 3 that the contract included dredging the mouth of the Colorado River; otherwise denies the allegations contained in paragraph 3.

4. Denies.

5. Denies.

6. Denies.

7. Admits.

8. Admits the allegation contained in paragraph 8 that King Fisher Marine Services protested the contract award; otherwise denies the allegations contained in paragraph 8.

9. Denies.

10. Denies the allegations contained in paragraph 10 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

11. Denies. Avers that the Corps was aware that Renda potentially would purchase the Millennium.

12. Denies.

13. Admits the allegation contained in the first sentence of paragraph 13 that the Corps awarded the contract to Renda; otherwise denies the remaining allegations contained in the first sentence of paragraph 13. Denies the allegations contained in the second sentence of paragraph 13.

14. Denies the allegations contained in paragraph 14 for lack of information or

knowledge sufficient to form a belief as to the truth of the matters asserted.

15. Denies.

16. Denies.

17. Admits the allegations contained in paragraph 17 that Renda attempted to dredge the river mouth with the White Rock and that the White Rock is a smaller dredge than the Millennium; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 that Renda attempted to dredge the river mouth with the St. Charles and that the St. Charles is a smaller dredge than the Millennium; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

20. Admits the allegation contained in paragraph 20 that the Millennium arrived at the river mouth in May 1999; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegation contained in paragraph 21 that Renda requested that the Corps accept the work; otherwise denies the allegations contained in paragraph 21.

22. Denies.

23. Denies.

24. Denies.

25. Denies.

26. Denies the allegations contained in the first sentence of paragraph 26. Admits the allegations contained in the second sentence of paragraph 26 to the extent supported by the show cause notice cited, which is the best evidence of its contents; otherwise denies the allegations

contained in the second sentence of paragraph 26.

27. Denies.

28. Denies the allegations contained in paragraph 28 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

35. Admits.

36. Denies the allegations contained in paragraph 36 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

37. Denies the allegations contained in paragraph 37 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

38. Denies the allegations contained in paragraph 38 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

39. Admits the allegation contained in paragraph 39 that the levee fell; otherwise denies the allegations contained in paragraph 39 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. Denies.

44. Admits.

45. Denies.

46. Denies.

47. Denies.

48. Denies the allegations contained in paragraph 48 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

49. Denies.

50. Denies.

51. Denies.

52. Denies.

53. Denies.

54. The allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Denies.

56. Denies.

57. Admits.

58. Admits.

59. The allegations contained in paragraph 59 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. Denies.

61. Denies.

62. Denies.

63. Denies.

64. Denies that plaintiff is entitled to the relief requested in the sections following the "Wherefore" clause of its complaint or to any additional relief whatsoever.

65. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, the Government requests that the complaint be dismissed with prejudice and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker by
Deborah A. Bynum
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:
ALEX PETTY
Assistant District Counsel
US Army Corps of Engineers
Galveston District

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-5958
Fax: (202) 514-7965

March 30, 2005

Attorneys for Defendant