IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1786C |
| v. | ) | |
| | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS IN PART

Pursuant to RCFC 41(b),[1] defendant, the United States, respectfully requests that plaintiff's claim for $134,245 relating to Placement Area 105A that is the subject of ¶¶ 35-43 of the complaint filed in the above-captioned action be dismissed with prejudice based upon plaintiff's abandonment of that claim.[2]

BACKGROUND

This case involves claims governed by the Contract Disputes Act of 1978, as amended (41 U.S.C. §§ 601-13), arising under or relating to Contract No. DACW64-98-C-0028 between plaintiff, Renda Marine, Inc. (Renda), and the United States (through the Army Corps of Engineers, Galveston, Texas District), to dredge a reach of the Gulf Intracoastal Waterway (GIWW) from the Boggy Bayou to the Colorado River, to dredge the Mouth of Colorado River navigation channel and impoundment basin in Matagorda County, Texas, and to repair or construct levees and related structures at certain placement areas for dredged materials along the GIWW. Renda

---

[1] Rule 41(b) provides, in relevant part, that, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim."

[2] In this motion, "Compl. ¶ ____" refers to the referenced paragraph(s) of the Complaint filed in this case on December 20, 2004, and "Def. App. ____" refers to the referenced page(s) of the appendix attached to this motion.

seeks to recover a total of $1,404,576, plus interest, upon these claims.

One of Renda's claims in this case is a claim for $134,245 relating to Placement Area 105A that is the subject of ¶¶ 35-43 of the complaint. See Def. App. 6. The claim is for additional expense allegedly incurred by Affolter Contracting Co., Inc. (ACC), Renda's levee construction subcontractor. The complaint avers that ACC encountered a differing site condition at Placement Area 105A which "made [the work] more difficult, costly, and time consuming . . . ." Compl. ¶ 42, Def. App. 6. The complaint avers that "Renda is entitled to be paid $135,245.00 in connection with the PA-105A differing site condition." Compl. ¶ 43, Def. App. 6.

On January 31, 2006, the Government noticed the depositions of Mr. Dwaine Affolter (an ACC employee) and ACC (pursuant to RCFC 30(b)(6)) for February 23, 2006, at the Corps of Engineers District Office in Galveston, Texas. Def. App. 10, 15-20. Thereafter, on February 21, 2006, plaintiff's counsel advised defendant's counsel telephonically and confirmed in the following electronic mail message of same date that, upon consultation with ACC, Renda did not intend to pursue the "pass-through" claim by ACC relating to Placement Area 105A described above:

> This email is to confirm our telephone conference of this afternoon regarding the pass-through claim of Affolter Contracting Co., Inc., a subcontractor to Renda Marine, Inc., on the Mouth of the Colorado River project that is part of the disputed claims currently pending before [the Court of Federal Claims]. This is to confirm that Affolter has informed me that it no longer wishes to pursue its claim for additional compensation for the additional work it performed in PA 105-A on the Mouth of the Colorado project. Accordingly, [Renda] does not intend to pursue this matter further in the pending litigation.
>
> Based upon the foregoing, the depositions of various Affolter personnel, scheduled for [February 23, 2006] in Galveston at the [Corps of Engineers] offices have been cancelled by agreement.

> Further, as agreed, you will prepare an appropriate joint stipulation of dismissal of this specific claim for presentation to the Court. Please email me a proposed draft for my review and comment. If you have any questions regarding this matter, please contact me at your earliest opportunity. Thanks for your cooperation in resolving this item.

Def. App. 21.

On February 22, 2006, defendant's counsel sent a letter to plaintiff's counsel cancelling the depositions of Mr. Dwaine Affolter and ACC in light of plaintiff's counsel's representation that Renda had abandoned the claim relating to Placement Area 105A. Def. App. 23. Defendant's counsel enclosed a proposed joint stipulation of dismissal of that claim for his consideration. Def. App. 24. Two weeks elapsed without a response from plaintiff's counsel to the proposed stipulation of partial dismissal. During a deposition on March 7 and 8, 2006, in this case, plaintiff's counsel indicated to defendant's counsel that the proposed stipulation was acceptable to plaintiff.

On March 13, 2006, defendant's counsel sent another letter to plaintiff's counsel requesting that he confirm in writing by March 17, 2006, that the proposed stipulation of partial dismissal is acceptable to plaintiff, noting that the Government had cancelled the depositions of Mr. Dwaine Affolter and ACC in reliance upon plaintiff's counsel's representation that Renda had abandoned its claim relating to Placement Area 105A. Def. App. 25-26. As of the date of this application to dismiss the Placement Area 105A claim, plaintiff's counsel has not responded to defendant's counsel's March 13, 2006 correspondence.

## ARGUMENT

Plaintiff's counsel unequivocally represented to defendant's counsel that neither Renda nor its subcontractor, ACC, desires to pursue the claim relating to Placement Area 105A that is

the subject of ¶¶ 35-43 of the complaint. Renda, thus, has abandoned the Placement Area 105A claim and it should be dismissed for failure to prosecute pursuant to RCFC 41(b).[3/]

CONCLUSION

For the foregoing reasons, defendant's motion should be granted and plaintiff's claim for $134,245 relating to Placement Area 105A that is the subject of ¶¶ 35-43 of the complaint should be dismissed with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

MARCH 24, 2006

---

[3] This application for partial dismissal needs to be resolved expeditiously because, in reliance upon plaintiff's counsel's representation, the Government cancelled its depositions of Mr. Dwaine Affolter and ACC. If, for any reason, the claim relating to Placement Area 105A is not dismissed, the Government should be afforded the opportunity to take the depositions of Dwaine Affolter and ACC. Under the pretrial schedule, as recently modified by the Court, the deadline for completing fact discovery is May 22, 2006.