IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1365C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER

Pursuant to RCFC 15(a),[1/] defendant, the United States, respectfully requests leave of Court to file "Defendant's Amended Answer" dated April 11, 2007, which is appended to this motion. This is the Government's first request for leave to file an amended answer in this case. The purpose of this amended answer is to assert an affirmative defense with respect to one of the claims of plaintiff, Renda Marine, Inc. ("Renda"), that inadvertently was not set forth in "Defendant's Answer" dated March 30, 2005, and to assert, as a setoff against any amount to which the Court may determine Renda is entitled upon its claims in this case, a debt owed by Renda to the Government.

The affirmative defense is that the GIWW Channel Alignment claim for $399,569 and a two-day extension of the time for performing the contract for the Boggy Bayou Project that is the subject of ¶¶ 44-47 of the complaint in this case is barred by an accord and satisfaction and release between Renda and the Government that is the subject of contract Modification P00021.

---

[1] Rule 15(a) provides, in relevant part, that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

This defense is raised in the contracting officer's December 19, 2003 final decision upon the claims that are the subject of this case. The defense also is identified in the Government's response to Interrogatory No. 7 contained in "Defendant's Responses to Plaintiff's First Set of Interrogatories" dated April 21, 2006.

The setoff raised by the amended complaint is that, as a result of a contracting officer's November 26, 2002 decision upon Government claims against Renda relating to Contract No. DACW64-99-C-0001 between Renda and the Government,[2/] which Renda neglected to appeal to a board of contract appeals within 90 days of its receipt of the decision or commence an action upon in the Court of Federal Claims within 12 months of receipt, see Renda Marine, Inc. v. United States, 71 Fed. Cl. 782, 790 (2006), Renda is indebted to the Government for $11,860,016 and the Government, therefore, is entitled to a setoff of the $11,860,016 against any amount to which the Court may determine Renda is entitled upon the claims that are the subject of the present case.

In the case of the affirmative defense, granting the Government leave to file the amended answer will not result in any prejudice to Renda because the contracting officer's decision placed Renda on notice of this defense, the defense is identified in the Government's response to written interrogatories by Renda, Renda has not yet taken any depositions of individuals familiar with the facts of this defense, the deadline for completing fact discovery is August 31, 2007, and trial is scheduled for March 2008.

---

[2] On or about October 26, 1998, plaintiff and defendant, acting through the United States Army Corps of Engineers, Galveston District Office, Galveston, Texas, entered Contract No. DACW64-99-C-0001 to dredge a reach of the Houston Ship Channel known as the Upper Bayou and to construct containment levees and other structures at the Lost Lake Placement Area, a disposal facility for dredged material (the Upper Bayou Contract).

In the case of the setoff, granting the Government leave to file the amended answer will not result in any prejudice to Renda because the merits of the November 26, 2002 contracting officer's decision are not subject to review by this Court as a result of the operation of 41 U.S.C. § 605(b) (2000), which provides, in relevant part: "The contracting officer's decision on a claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by this chapter." See Renda Marine, 71 Fed. Cl. at 797 (finding, with respect to the November 26, 2002 contracting officer decision, that "[Renda] is not excepted from the twelve-month statutory time limit provided in section 609(a)(3) of the CDA for bringing an action in this Court based on the [contracting officer's final decision], 41 U.S.C. § 609(a)(3), and that [Renda] is not excepted from the clear and explicit finality rule provided in section 605(b) of the CDA mandating that the [contracting officer's] Final Decision be 'final and conclusive' and unreviewable by this court if an appeal or suit is not timely commenced, 41 U.S.C. § 605(b)").

For the foregoing reasons, defendant's motion for leave to file "Defendant's Amended Answer" dated April 11, 2007, should be granted and the amended answer should be filed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

APRIL 11, 2007

CERTIFICATE OF FILING

I hereby certify that on this 11th day of APRIL, 2007, a copy of "DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John E. Kosloske