IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1786C |
| v. | ) | |
| | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S AMENDED ANSWER**

For its amended answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

**I.**

**Parties**

Denies the allegations contained in the first sentence of the section titled "Parties" for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the second sentence of the section titled "Parties" constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**II.**

**Jurisdiction**

The allegations contained in the section titled "Jurisdiction"constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## III.

## Venue for Trial

The allegations contained in the section titled "Venue for Trial"constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## IV.

## Factual Background

1. Admits.

2. Admits.

3. Admits the allegation contained in paragraph 3 that the contract included dredging the mouth of the Colorado River; otherwise denies the allegations contained in paragraph 3.

4. Denies.

5. Denies.

6. Denies.

7. Admits.

8. Admits the allegation contained in paragraph 8 that King Fisher Marine Services protested the contract award; otherwise denies the allegations contained in paragraph 8.

9. Denies.

10. Denies the allegations contained in paragraph 10 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

11. Denies. Avers that the Corps was aware that Renda potentially would purchase the Millennium.

12. Denies.

13. Admits the allegation contained in the first sentence of paragraph 13 that the Corps awarded the contract to Renda; otherwise denies the remaining allegations contained in the first sentence of paragraph 13; denies the allegations contained in the second sentence of paragraph 13.

**Mouth of the Colorado**

14. Denies the allegations contained in paragraph 14 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

15. Denies.

16. Denies.

17. Admits the allegations contained in paragraph 17 that Renda attempted to dredge the river mouth with the White Rock and that the White Rock is a smaller dredge than the Millennium; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 that Renda attempted to dredge the river mouth with the St. Charles and that the St. Charles is a smaller dredge than the Millennium; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

20. Admits the allegation contained in paragraph 20 that the Millennium arrived at the river mouth in May 1999; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegation contained in paragraph 21 that Renda requested that the Corps accept the work; otherwise denies the allegations contained in paragraph 21.

22. Denies.

23. Denies.

24. Denies.

25. Denies.

26. Denies the allegations contained in the first sentence of paragraph 26; admits the allegations contained in the second sentence of paragraph 26 to the extent supported by the show cause notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 26.

27. Denies.

28. Denies the allegations contained in paragraph 28 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

**Increased Cost for Levee Repair at PA-105A**

35. Admits.

36. Denies the allegations contained in paragraph 36 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

37. Denies the allegations contained in paragraph 37 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

38. Denies the allegations contained in paragraph 38 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

39. Admits the allegation contained in paragraph 39 that the levee fell; otherwise denies the allegations contained in paragraph 39 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. Denies.

**Increased Cost for dredging Due to Channel Alignment Discrepancies - GIWW Stations 375+00 to 385+00**

44. Admits.

45. Denies.

46. Denies.

47. Denies.

**Variation in Estimated Quantities - GIWW Dredging**

48. Denies the allegations contained in paragraph 48 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

49. Denies.

50. Denies.

51. Denies.

52. Denies.

**Extra Contract Days**

53. Denies.

54. The allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Denies.

56. Denies.

**Wrongful Withholding of Liquidated Damages**

57. Admits.

58. Admits.

59. The allegations contained in paragraph 59 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. Denies.

61. Denies.

62. Denies.

63. Denies.

64. Denies that plaintiff is entitled to the relief requested in the sections following the "Wherefore" clause of its complaint or to any additional relief whatsoever.

65. Denies each and every allegation not previously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSE**

66. The GIWW Channel Alignment claim for $399,569 and a two-day extension of the time for performing the contract for the Boggy Bayou Project that is the subject of ¶¶ 44-47 of the Complaint in this case is barred by an accord and satisfaction and release between plaintiff and defendant that is the subject of contract Modification P00021.

**SETOFF**

67. On or about October 26, 1998, plaintiff and defendant, acting through the United States Army Corps of Engineers, Galveston District Office, Galveston, Texas, entered Contract No. DACW64-99-C-0001 to dredge a reach of the Houston Ship Channel known as the Upper Bayou and to construct containment levees and other structures at the Lost Lake Placement Area, a disposal facility for dredged material (the Upper Bayou Contract).

68. On November 26, 2002, the Contracting Officer for the Upper Bayou Contract issued a Final Decision upon Government claims against plaintiff relating to the Upper Bayou Contract in the total amount of $11,860,016 with a demand for payment. Plaintiff did not appeal the Final Decision to a board of contract appeals within 90 days of its receipt of the Final Decision or commence an action in the Court of Federal Claims upon the Final Decision within 12 months of its receipt of the Final Decision. Plaintiff is indebted to defendant in the amount of $11,860,016. Plaintiff has not made any payment to defendant in satisfaction of the $11,860,016 debt that is due and owing defendant.

69. The United States is entitled to a setoff of the $11,860,016 Final Decision debt owed by plaintiff to defendant under the Upper Bayou Contract against any amount to which the Court may determine plaintiff is entitled upon the claims relating to the Boggy Bayou Contract that are the subject of the above-captioned action.

WHEREFORE, the Government requests that the complaint be dismissed with prejudice and that defendant be granted such other and further relief as the Court may deem just and proper. Alternatively, if the Court should determine that plaintiff is entitled to any amount upon its claims, that amount should be setoff against the $11,860,016 for which plaintiff is indebted to defendant by virtue of the November 26, 2002 Final Decision upon Government claims relating to the Upper Bayou Contract.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

MAY 8, 2007

CERTIFICATE OF FILING

I hereby certify that on this 8th day of MAY, 2007, a copy of “DEFENDANT’S AMENDED ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/John E. Kosloske