IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1786C |
| v. | ) | |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION *IN LIMINE* RE: PLAINTIFF'S TRIAL EXPERTS

Pursuant to RCFC 37(c)(1),[1/] defendant, the United States, respectfully requests that the Court exclude testimony by Robert B. McCullough, PE, CCE, CDT, of the firm McCullough & Associates, Inc., and Kent Ray, C.P.A., of the firm Milbern Ray & Company under Rules 702, 703, or 705 of the Federal Rules of Evidence in support of the case-in-chief of plaintiff, Renda Marine, Inc. ("Renda"), at the trial of the above-captioned action scheduled for March 17-28, 2008, in Houston, Texas.

BACKGROUND

The Court's March 21, 2007 Order provides that "the parties shall make their RCFC 26(a)(2) exchanges on or before November 2, 2007, by overnight mail service (next business day delivery)." Order, ¶ 2, Def. App. 1.[2/] Approximately 17 months ago, on June 30, 2006,

[1] Rule 37(c)(1) provides, in pertinent part: "A party that without substantial justification fails to disclose information required by RCFC 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions."

[2] Regarding expert disclosures, the March 21, 2007 Order further provides that "[t]he parties shall exchange any rebuttal expert witness reports pursuant to RCFC 26(a)(2)(C) on or before December 3, 2007, by overnight mail (next business day delivery)." Def. App. 1.

Renda served the Government with "Plaintiff's Witness List" pursuant to ¶ 13(b) of Appendix A of the Court's Rules. Renda identified Messrs. McCullough and Ray as "expert witnesses." See Def. App. 8-9.[3] Discovery of experts, including depositions, is "to remain open through January 18, 2008." Order, ¶ 5, Def. App. 1.

Rule 26(a)(2)(A) requires that a party "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." In addition, with respect to "a witness who is retained or specially employed to provide expert testimony in the case," such as Messrs. McCullough and Ray, Rule 26(a)(2)(B) provides that this disclosure "shall . . . be accompanied by a written report prepared and signed by the witness" that contains "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the expert has testified as an expert at trial or by deposition within the preceding four years."

Rule 26(a)(2)(C) provides that expert testimony disclosures "shall be made at the times and in the sequence directed by the court." As noted above, the Court directed that the parties make their Rule 26(a)(2) exchanges "on or before November 2, 2007, by overnight mail service

[3] In addition, Renda listed Mr. Ray as one of the "fact witnesses" to be called by Renda at the trial of this case. See Def. App. 4.

(next business day delivery)." March 21, 2007 Order, ¶ 2, Def. App. 1.[4/]

The Government has not received the report required by Rule 26(a)(2)(B) for either Mr. McCullough or Mr. Ray. On November 15, 2007, defendant's counsel sent a letter to plaintiff's counsel regarding this matter in which, among other things, defendant's counsel stated:

> As indicated in my November 7, 2007 electronic mail message to you, the Government did not receive any such report for either Mr. McCullough or Mr. Ray (or, for that matter, any other trial expert). Therefore, we intend to file a motion with the court seeking to have these retained experts excluded from the trial of this case. If you believe that such a motion would be ill-advised, please contact me no later than November 26, 2007, to discuss why you believe that to be so.

Def. App. 10. As of the time of filing this motion, defendant's counsel has not received a response from plaintiff to defendant's counsel's November 15, 2007 letter.

## ARGUMENT

A motion *in limine* "is an important tool available to the trial judge to ensure the expeditious and evenhanded management of trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). It "serves a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly would be inadmissible for any purpose." PR Contractors, Inc. v. United States, 69 Fed. Cl. 468, 469 (2006).

Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by RCFC 26(a) . . . is not, unless such failure is harmless, permit-

[4] The March 21, 2007 Order adopted the pretrial and trial schedule proposed by Renda and the Government in their March 15, 2007 joint status report, including the dates for the exchange of expert witness reports set forth in the Order.

ted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed" and that, "[i]n addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." The Court's March 21, 2007 Order mandated the exchange of reports by retained trial experts, such as Mr. McCullough and Mr. Ray, "on or before November 2, 2007." Renda has not provided a justification for its failure to meet this judicially-imposed deadline for expert reports, much less a "substantial justification" for the failure to disclose the information required by Rule 26(a)(2) for Mr. McCullough or Mr. Ray. Therefore, any testimony by Messrs. McCullough and Ray under Rules 702, 703, or 705 of the Federal Rules of Evidence in support of Renda's case-in-chief should be excluded from the trial of this case.[5/]

CONCLUSION

For the foregoing reasons, defendant's motion *in limine* regarding plaintiff's trial experts Robert B. McCullough, PE, CCE, CDT, and Kent Ray, C.P.A., should be granted and the Court should exclude from the trial of this case testimony by Mr. McCullough or Mr. Ray under Rules 702, 703, or 705 of the Federal Rules of Evidence in support of plaintiff's case-in-chief.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

---

[5] The only testimony that Mr. McCullough or Mr. Ray might provide upon Renda's behalf at the trial of this action under Rules 702, 703, or 705 of the Federal Rules of Evidence would be testimony intended solely to contradict or rebut evidence upon the same subject matter identified by the Government in its expert witness disclosure under Rule 26(a)(2) presented at trial as part of its case-in-chief, provided, however, that Renda furnishes the Government with rebuttal expert witness reports pursuant to RCFC 26(a)(2)(C) "on or before December 3, 2007, by overnight mail (next business day delivery)." See March 21, 2007 Order, ¶ 3, Def. App. 1.

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-1438
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

NOVEMBER 27, 2007

CERTIFICATE OF FILING

I hereby certify that on this 27th day of NOVEMBER, 2007, a copy of "DEFENDANT'S MOTION *IN LIMINE* RE: PLAINTIFF'S TRIAL EXPERTS" and related Appendix in support thereof were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John E. Kosloske