No. 04-1786C
(Judge Christine O.C. Miller)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RENDA MARINE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

---

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-1438
(fax) (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

JANUARY 4, 2008

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..... 1

BACKGROUND. ..... 2

I. Nature Of The Case ..... 2

II. The Upper Bayou Project. ..... 3

III. The Government's Setoff. ..... 4

IV. The Discovery Dispute ..... 4

ARGUMENT. ..... 6

I. Renda's Motion To Compel Testimony By Contracting Officer Thomas Benero Regarding The Preparation Or Issuance Of His November 2002 Decision Upon Government Claims Against Renda Is Untimely. ..... 6

II. Renda's Motion To Compel Testimony By The Government's Trial Expert George Strickler Regarding The Preparation Or Issuance Of The Contracting Officer's November 26, 2002 Decision Upon Government Claims Against Renda Is Premature. ..... 7

III. In Any Event, Examination By Renda Of The Contracting Officer Thomas Benero And The Government's Trial Expert George Strickler Regarding The Preparation Or Issuance Of Mr. Benero's November 2002 Decision Upon Government Claims Against Renda Would Exceed The Scope Of Permissible Discovery. ..... 7

CONCLUSION. ..... 11

## TABLE OF AUTHORITIES

### CASES


Buttler v. Benson,
193 F.R.D. 664 (D. Colo. 2000). ........ 6

Continental Industries, Inc. v. Integrated Logistics Solutions LLC,
211 F.R.D. 442 (N.D. Okla. 2002)........ 6

Gault v. Nabisco Biscuit Co.,
184 F.R.D. 620 (D. Nev. 1999)........ 6

Lane v. Lucent Technologies, Inc.,
2007 WL 2079879 (M.D. N.C. 2007)........ 6

Lore v. City of Syracuse,
232 F.R.D. 155 (N.D. N.Y. 2005)........ 6

Renda Marine, Inc. v. United States,
65 Fed. Cl. 152 (2005). ........ 7

Renda Marine, Inc. v. United States,
66 Fed. Cl. 639 (2005). ........ 3

Renda Marine, Inc. v. United States,
71 Fed. Cl. 782 (2006), aff'd, ____ F.3d ____,
No. 2006-5127 (Fed. Cir., Dec. 11, 2007). ........ 2, 4, 7, 9

Renda Marine, Inc. v. United States,
No. 2006-5127 (Fed. Cir., Dec. 11, 2007). ........ 10

Seaboard Lumber Co. v. United States,
903 F.2d 1560 (Fed. Cir. 1990), cert. denied, 499 U.S. 919 (1991). ........ 9

In re Sulphuric Acid Antitrust Litigation,
231 F.R.D. 331 (N.D. Ill. 2005)........ 6

United States v. Kasler Electric Co.,
123 F.3d 341 (6th Cir. 1997). ........ 9

## TABLE OF AUTHORITIES (CONT'D)

## STATUTES

United States Code:

41 U.S.C. § 605(b) (2000). .......... 2, 4, 8, 9, 10, 11

41 U.S.C. § 609(a)(3) (2000). .......... 4, 9

Public Laws:

Contract Disputes Act of 1978, as amended (codified at 41 U.S.C. §§ 601-13 (2000)).......... 2

## MISCELLANEOUS

Rules of the Court of Federal Claims:

RCFC 26(b)(1) .......... 8, 10

RCFC 30 .......... 1

RCFC 31 .......... 1

RCFC 37 .......... 6

RCFC 37(a)(2)(B) .......... 1

RCFC 41(a)(2) .......... 3

Federal Rules of Evidence:

Fed.R.Evid. 401 .......... 8

Fed.R.Evid. 402. .......... 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1786C |
| v. | ) | |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

PRELIMINARY STATEMENT

Pending before the Court is "Plaintiff's Motion for Order Compelling Discovery Answers to Deposition Questions" dated December 20, 2007.[1/] Plaintiff, Renda Marine, Inc. ("Renda"), seeks an order compelling the United States "to allow its witnesses, Thomas Benero [contracting officer] and George J. Strickler [trial expert], to answer questions in their depositions related to the preparation and issuance of the November 26, 2002 Contracting Officer's Final Decision referenced in paragraphs 67-69 of Defendant's Amended Answer." Pl. Mot. 1.[2/] The motion should be denied because, as demonstrated below, it is late as to Mr. Benero and premature as to Mr. Strickler. Moreover, examination of these witnesses (or, for that matter, any witness) regarding the preparation or issuance of the November 26, 2002 contracting officer's decision, which

---

[1] Plaintiff's motion is brought pursuant to RCFC 37(a)(2)(B), which provides, in relevant part, that "[i]f a deponent fails to answer a question propounded or submitted under RCFC 30 or 31 . . . the discovering party may move for an order compelling an answer . . . . When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order."

[2] In this opposition, "Pl. Mot. ____" refers to the referenced page(s) of "Plaintiff's Motion for Order Compelling Discovery Answers to Deposition Questions" dated December 20, 2007, and "Pl. App. ____" refers to the referenced page(s) of the related "Plaintiff's Appendix."

Renda did not challenge in a timely manner, is not within the scope of discovery permitted by RCFC 26(b)(1), inasmuch as that decision is, by virtue of 41 U.S.C. § 605(b) (2000),[3/] final and conclusive and not subject to judicial review. See Renda Marine, Inc. v. United States, 71 Fed. Cl. 782 (2006), aff'd, ____ F.3d ____, No. 2006-5127 (Fed. Cir., Dec. 11, 2007).

## BACKGROUND

### I. Nature Of The Case

This case involves claims governed by the Contract Disputes Act of 1978, as amended (41 U.S.C. §§ 601-13 (2000)) ("CDA"), arising under or relating to Contract No. DACW64-98-C-0028 awarded by the Army Corps of Engineers, Galveston District, Texas ("the Corps"), to Renda in September 1998. The contract required that Renda dredge a 17-mile reach of the Gulf Intracoastal Waterway ("GIWW") and a one-mile segment of the Mouth-of-the-Colorado River ("MOC River") navigation channel and impoundment basin in Matagroda County, Texas, and for the repair or construction of certain disposal sites for dredged materials along the GIWW referred to in the contract as "placement areas." The scope of work under the contract is sometimes referred to by the parties in documents or otherwise as the "Boggy Bayou Project."

Renda submitted a certified claim to the contracting officer in May 2003 seeking an equitable adjustment of the contract price in the amount of $1,404,576 and extensions of the time for contract performance totaling 402 calendar days, based upon eight claims, including various alleged non-compensable but excusable delays, differing site conditions at Placement Area 105A,

---

[3] Section 605(b) of title 41, United States Code, provides, in pertinent part, that "[t]he contracting officer's decision on the claim shall be final and conclusive and *not subject to review by any* forum, *tribunal*, or Government agency, unless an appeal or suit is timely commenced as authorized by this chapter." (Emphases added.)

channel alignment discrepancies in the GIWW (defective specifications), variation in estimated quantities for the GIWW dredging, forced subcontracting to complete the MOC River dredging, and "unlawful" withholding of liquidated damages. The contracting officer denied these claims, except a claim for the remission of liquidated damages for four days that he decided had been erroneously withheld due to a mistake in calculating the liquidated damages using an original contract completion date of July 19, 1999, instead of July 23, 1999. Thereafter, Renda commenced the present action based upon the claims that are the subject of its May 2003 certified claim.[4/] In March 2006, however, Renda's claim for $134,245 relating to Placement Area 105A was dismissed with prejudice, pursuant to RCFC 41(a)(2). See March 31, 2006 Order, which provides that "[f]inal judgment [upon the PA 105A claim] will be deferred pending resolution of the entire action."

II. The Upper Bayou Project

In October 1998, the Corps awarded Renda Contract No. DACW64-99-C-0001 to dredge a reach of the Houston Ship Channel known as the Upper Bayou and to construct containment levees and other structures at the Lost Lake Placement Area, a disposal facility for dredged material ("the Upper Bayou Contract"). See Renda Marine, Inc. v. United States, 66 Fed. Cl. 639, 642-43, 674-75 (2005). On November 26, 2002, the contracting officer (Thomas Benero) issued a decision upon Government claims against Renda relating to the Upper Bayou Contract in the total amount of $11,860,016 with a demand for payment. See Pl. App. 11-18. Renda neglected

[4] Insofar as liquidated damages are concerned, the complaint challenges not only the Government's calculation of the number of days subject to liquidated damages, but also the validity of the liquidated damages provision contained in the contract, i.e., the propriety of the daily rate of $514 for liquidated damages. See Compl. ¶¶ 61, 62. Renda's certified claim challenges only the former.

to appeal that decision to a board of contract appeals within 90 days of its receipt of the decision or to commence an action in the Court of Federal Claims upon the decision within 12 months of its receipt of the decision. See Renda, 71 Fed. Cl. at 784-85.

III. The Government's Setoff

The Government has raised the contracting officer's November 26, 2002 decision upon Government claims against Renda relating to the Upper Bayou Contract for $11,860,016 as a setoff against any amount to which the Court may determine Renda is entitled upon the claims that are the subject of the present litigation. As this Court has held, that decision, which Renda did not challenge in a timely manner, is now "final and conclusive" and "not subject to review." Renda Marine, 71 Fed. Cl. at 797 (concluding, with respect to the November 2002 contracting officer's decision, that "[Renda] is not excepted from the twelve-month statutory time limit provided in section 609(a)(3) of the CDA for bringing an action in this Court based on the [contracting officer's final decision], 41 U.S.C. § 609(a)(3), and that [Renda] is not excepted from the clear and explicit finality rule provided in section 605(b) of the CDA mandating that the [contracting officer's] Final Decision be 'final and conclusive' and unreviewable by this court if an appeal or suit is not timely commenced, 41 U.S.C. § 605(b).").

IV. The Discovery Dispute

The Court's scheduling order provides, among other things, that "[f]act discovery shall remain open through August 31, 2007," and that "[e]xpert discovery shall remain open through January 18, 2008." March 21, 2007 Order, ¶¶ 1, 5. Trial is scheduled during March 17-28, 2008, in Houston, Texas. Id., ¶ 10.

On June 26, 2007, Renda took the deposition of the contracting officer, Thomas Benero. During the deposition, plaintiff's counsel showed Mr. Benero a copy of the November 26, 2002 decision upon Government claims that is the basis of the Government's setoff discussed above and attempted to elicit testimony from Mr. Benero regarding the preparation and issuance of that decision. See Pl. App. 24. Defendant's counsel objected to any such examination as beyond the scope of permissible discovery and instructed Mr. Benero not to answer. Id.

Renda has noticed a deposition of George Strickler, P.E., one of the Government's trial experts in this case. That deposition, which is scheduled for January 10, 2008, has not yet been taken.

Renda's motion to compel contains a certification by Renda's counsel that, on October 2, 2007, he conferred with defendant's counsel "regarding this matter and the filing of this Motion and Defendant's counsel responded that his position regarding refusal to allow answers remained unchanged." Pl. Mot. 7 ("Certificate of Conference"). Defendant's counsel has a different recollection of that conversation. On October 2, 2007, after the appellate argument in Renda Marine, Inc. v. United States, No. 2006-5127 (Fed. Cir.), Renda's counsel and defendant's counsel had a conversation outside the courthouse during which Renda's counsel stated that he intended to file a motion to compel regarding Mr. Benero's deposition testimony, to which defendant's counsel replied that the time for completion of fact discovery had expired. Renda's counsel and defendant's counsel did not discuss anything relating to Mr. Strickler at that time. It was not until December 18, 2007, that Renda's counsel advised defendant's counsel of his desire to take the deposition of Mr. Strickler.

ARGUMENT

I. Renda's Motion To Compel Testimony By Contracting Officer Thomas Benero Regarding The Preparation Or Issuance Of His November 2002 Decision Upon Government Claims Against Renda Is Untimely.

Neither RCFC 37 nor the Court's scheduling order establishes a date by which a motion to compel, such as Renda's motion here, must be filed. Nevertheless, "a party seeking to compel discovery must do so in a timely fashion" and the failure to do so may constitute a waiver of the alleged discovery violations. Continental Industries, Inc. v. Integrated Logistics Solutions LLC, 211 F.R.D. 442, 444 (N.D. Okla. 2002). Thus, if the moving party has unduly delayed in filing a motion to compel, a court may conclude that the motion is untimely. Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999); see also Lore v. City of Syracuse, 232 F.R.D. 155, 159 (N.D. N.Y. 2005) ("Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery."); Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). "Generally, a party must file a motion to compel before the close of discovery in order for that motion to be deemed timely." Lane v. Lucent Technologies, Inc., 2007 WL 2079879 (M.D. N.C. 2007), at 3; see also In re Sulphuric Acid Antitrust Litigation, 231 F.R.D. 331, 332 (N.D. Ill. 2005) ("[M]otions to compel filed after the close of discovery are almost always deemed untimely.").

Renda's motion to compel deposition testimony by Thomas Benero regarding the preparation and issuance of his decision upon Government claims against Renda relating to the Upper Bayou Contract should be denied as untimely. Renda delayed filing this motion until December 20, 2007, well over three months after the August 31, 2007 close of fact discovery established by

the Court's March 21, 2007 Order. This discovery dispute arose on June 26, 2007, at Renda's deposition of Mr. Benero, more than two months before the Court's August 31, 2007 deadline for the completion of fact discovery. Renda, thus, had ample opportunity to bring this matter to the Court's attention prior to the August 31, 2007 fact discovery deadline. Renda does not offer any justification for its neglect to file the motion to compel before the August 31, 2007 fact discovery cutoff or the additional 15-week delay in filing the motion after the deadline for completion of fact discovery had passed.

II. Renda's Motion To Compel Testimony By The Government's Trial Expert George Strickler Regarding The Preparation Or Issuance Of The Contracting Officer's November 26, 2002 Decision Upon Government Claims Against Renda Is Premature.

Renda's motion to compel deposition testimony by George Strickler regarding the preparation and issuance of the contracting officer's November 26, 2002 decision upon Government claims against Renda relating to the Upper Bayou Contract should be denied as premature. The deposition of Mr. Strickler, a Government trial expert, has not yet occurred. It is scheduled for January 10, 2008. Renda has not even demonstrated that Mr. Strickler had any involvement in the preparation or issuance of the contracting officer's November 26, 2002 decision, which is a predicate to any examination of Mr. Strickler upon that topic.

III. In Any Event, Examination By Renda Of The Contracting Officer Thomas Benero And The Government's Trial Expert George Strickler Regarding The Preparation Or Issuance Of Mr. Benero's November 2002 Decision Upon Government Claims Against Renda Would Exceed The Scope Of Permissible Discovery.

Renda repeatedly – and unsuccessfully – attempted to challenge the contracting officer's November 26, 2002 decision in the litigation between Renda and the Government relating to the Upper Bayou Contract. See Renda, 71 Fed. Cl. at 784-85; Renda Marine, Inc. v. United States,

65 Fed. Cl. 152 , 156-57 (2005). The present discovery motion appears to be yet another attempt by Renda to obtain judicial review of that decision, this time under the guise of a bias contention. Renda contends that it is entitled to inquire of Messrs. Benero and Strickler about the preparation and issuance of the decision for the purpose of impeaching their credibility by demonstrating bias against Renda. Pl. Mot. 5. We disagree.

The scope of discovery is set forth in RCFC 26(b)(1), which provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Rules of the Court of Federal Claims do not define "relevant" or "admissible," but the Federal Rules of Evidence do. Fed.R.Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 402 provides that "[a]ll relevant evidence is admissible, *except as otherwise provided* by the Constitution of the United States, *by Act of Congress*, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority" and that "[e]vidence which is not relevant is not admissible." (Emphases added.)

In this case, examination by Renda of either Mr. Benero or Mr. Strickler regarding the preparation or issuance of Mr. Benero's November 26, 2002 decision upon Government claims against Renda is foreclosed by 41 U.S.C. § 605(b), which, as noted above, provides that "[t]he contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as

authorized by this chapter." It is undisputed that Renda did not appeal that decision to a board of contract appeals within 90 days of its receipt of the decision or commence an action in the Court of Federal Claims upon the decision within 12 months of its receipt of the decision. See Renda, 71 Fed. Cl. at 784-85.

Once the decision of the contracting officer on a Government claim against a contractor becomes final, "the merits of that decision cannot be judicially challenged." Seaboard Lumber Co. v. United States, 903 F.2d 1560, 1562 (Fed. Cir. 1990), cert. denied, 499 U.S. 919 (1991); accord United States v. Kasler Electric Co., 123 F.3d 341, 346 (6th Cir. 1997) (Section 605(b) "clearly states that a contractor may seek review of a final decision *only* in a board of contract appeals or in the Court of Federal Claims. Absent commencement of such review within the prescribed period of time, the decision becomes impervious to any substantive review." (internal citations omitted) (emphasis in original)).

Consequently, as this Court held in the litigation between Renda and the United States relative to the Upper Bayou Contract, the contracting officer's November 26, 2002 decision, which Renda did not challenge in a timely manner, is "final and conclusive" and "not subject to review." Renda Marine, 71 Fed. Cl. at 797 (concluding, with respect to the November 2002 contracting officer's decision, that "[Renda] is not excepted from the twelve-month statutory time limit provided in section 609(a)(3) of the CDA for bringing an action in this Court based on the [contracting officer's final decision], 41 U.S.C. § 609(a)(3), and that [Renda] is not excepted from the clear and explicit finality rule provided in section 605(b) of the CDA mandating that the [contracting officer's] Final Decision be 'final and conclusive' and unreviewable by this court if an appeal or suit is not timely commenced, 41 U.S.C. § 605(b)."). The Federal Circuit

recently affirmed that holding. See Renda Marine, Inc. v. United States, No. 2006-5127 (Fed. Cir., Dec. 11, 2007), slip op. at 14-16.

Renda contends that it is entitled to question Messrs. Benero and Strickler about the November 26, 2002 contracting officer's decision upon Government claims against Renda relating to the Upper Bayou Contract for the purpose of impeaching their credibility by demonstrating bias against Renda. Pl. Mot. 5. Renda argues that "[t]his line of questioning would certainly permit inquiry as to whether Benero, in his capacity as contracting officer on the Upper Bayou project, took actions adverse to [Renda] that he knew were either factually incorrect or legally invalid." Id. Assuming for the sake of argument that any such testimony would reflect bias and, therefore, constitute "relevant evidence," it nevertheless would be inadmissible because, in order to assess the bias claim, the Court would have to make findings regarding Mr. Benero's November 26, 2002 decision. This would contravene 41 U.S.C. § 605(b), which expressly proscribes review "by any forum, tribunal, or Government agency" of the decision of a contracting officer upon a claim that is not timely appealed to a board of contract appeals or as to which a timely action is not commenced in this Court. Because the Court could not entertain testimony by Mr. Benero or Mr. Strickler regarding the contracting officer's November 26, 2002 decision without also engaging in a review of that decision in violation of section 605(b), such testimony would not constitute "relevant information" that is "reasonably calculated to lead to the discovery of *admissible* evidence," as required by RCFC 26(b)(1). (Emphasis added.)

Renda, in effect, is attempting to read into 41 U.S.C. § 605(b) an exception to that provision where the purpose of the review of a contracting officer's decision is to impeach the credibility of the contracting officer. But section 605(b) contains no such exception. It provides, in

clear and unambiguous terms, that a contracting officer's decision upon a claim not challenged in a timely manner in a board of contract appeals or in this Court "shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency[.]" Moreover, to accept Renda's argument is to countenance the theoretical possibility of the Court's having to sustain the Government's $11.8 million setoff based upon Mr. Benero's November 26, 2002 decision upon Government claims, by virtue of section 605(b)'s preclusive effect, while at the same time making adverse findings regarding the merits of that decision as part of an evaluation of bias on the part of Mr. Benero or Mr. Strickler – an anomalous result that Congress surely did not intend.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel deposition testimony of Messrs. Benero and Strickler with respect to the preparation or issuance of Mr. Benero's November 26, 2002 decision upon Government claims against plaintiff should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-1438

OF COUNSEL:

MR. P. ALEX PETTY
Assistant District Counsel
Office of Counsel
Galveston District
U.S. Army Corps of Engineers
Galveston, TX

(fax) (202) 514-8624

Attorneys for Defendant

JANUARY 4, 2008

CERTIFICATE OF FILING

I hereby certify that on this 4th day of JANUARY, 2008, a copy of "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John E. Kosloske