IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RENDA MARINE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 04-1786C |
| V. | § | |
| | § | (Judge Christine O.C. Miller) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Renda Marine, Inc. ("Renda") hereby replies to Defendant's Opposition to Plaintiff's Motion to Compel and the arguments set forth therein as follows:

## ARGUMENT

### I. Renda's Motion To Compel Testimony Of Thomas Benero Regarding The 2002 Final Decision To Demonstrate Bias Is Not Untimely And Should Be Granted.

Defendant asserts that Plaintiff's motion to compel deposition testimony by Thomas Benero regarding the preparation and issuance of the November 26, 2002 Final Decision (the "2002 FD") should be denied as untimely. In support of its position, Defendant cites to some cases wherein relief was sought after the "close of discovery" or "on the eve of trial". Neither is the case in this instance. Although the deadline for completion of fact discovery expired on August 31, 2007, the overall period of discovery does not close until January 18, 2008, the deadline for completion of expert discovery. Additionally, Plaintiff's motion was filed approximately 3 months prior to the timeframe set for trial in this case (March 17 – 28, 2008), not on the eve of trial.

Defendant fails to acknowledge in its response that at the close of Benero's deposition on June 26, 2007, Defendant's counsel represented twice to Plaintiff's counsel that he intended to file a motion for protective order when he returned to Washington. Benero Dep. Trans. p. 270, l. 3-14, Pl. App. 24. Despite his representations, Defendant's counsel never filed any such motion for protective order. A portion of the period of delay about which Defendant now complains is attributable to Plaintiff's reliance on Defendant's representations of its intent to file a motion for protective order.

If the Court does determine that Plaintiff's motion to compel with respect to Benero should have been filed on or before August 31, 2007; nonetheless the Court may extend deadlines upon a showing of good cause. See Saavedra v. Murphy Oil U.S.A., Inc. v. Lou-Con, Inc., 930 F.2nd 1104, 1107 (5th Cir. 1991).

Defendant's response does not assert that it will suffer any prejudice nor does Defendant contend that the proceedings in this matter will be delayed or adversely impacted if Plaintiff's motion to compel is granted. Plaintiff acted in good faith in relying upon Defendant's representations that it would raise this issue with the Court by filing a motion for protective order. Good cause exists for the Court to grant Plaintiff's motion with respect to Benero.

II. Renda's Motion To Compel Testimony By George Strickler Regarding the 2002 Final Decision Is Not Premature.

Defendant asserts that Plaintiff's motion to compel with respect to its expert witness, George Strickler, is premature because Renda has not demonstrated any involvement by Strickler with respect to the 2002 FD. Plaintiff has shown that Strickler was engaged by the Government to provide assistance to Benero in evaluating Renda's claims on the Upper Bayou Project. The 2002 FD specifically states that an evaluation of Renda's claims was taken into consideration in

the rendering of the 2002 FD. Pl. App. p. 12, 18. Plaintiff believes a sufficient factual predicate exists to make inquiries into the nature of Strickler's potential participation in the preparation and issuance of the 2002 FD as evidence of his bias against Renda.

Defendant, in the context of Benero's deposition, has already demonstrated its intent to cut off examination of any type related to the 2002 FD. Plaintiff presumes that this would include any questioning of Strickler regarding his involvement in the preparation or issuance of the 2002 FD. Under the circumstances, a ruling from the Court on the permissibility of this line of inquiry, as allowed by FRE 607, is ripe for consideration and Plaintiff's motion to compel with respect to Strickler is not premature.

III. Renda's Examination Of Benero And Strickler Regarding the 2002 Final Decision To Show Bias Under FRE 607 Does Not Exceed The Permissible Scope Of Deposition Examination.

Defendant does not challenge that evidence of a witness's bias is admissible under FRE 607 and thus relevant with respect to the potential bias of Benero and Strickler against Renda. Defendant argues that even if the line of questioning requested by Plaintiff in its motion to compel would reflect bias, it would be inadmissible because it would require "the Court to make findings" regarding the 2002 FD. Defendant's argument is erroneous. The Court, as the trier of fact in this matter, is entitled to hear evidence regarding the potential bias of a witness. If the Court believes that testimonial evidence demonstrates that Benero knew at the time he issued the 2002 FD that it was factually incorrect or legally invalid, the Court could make findings about the credibility of this witness with respect to the ultimate issues of fact that will govern the Court's decision in this case. The same can be said of the Government's expert witness, Strickler.

The Court, after listening to testimony regarding the potential bias of Benero and Strickler, can make findings on the credibility of these witnesses without making any judicial findings on the 2002 FD itself. Plaintiff is not seeking any judicial review or determination regarding the finality or binding effect of the 2002 FD; the U.S. Court of Appeals for the Federal Circuit has already spoken on that matter. Given the broad latitude afforded questioning in depositions and the Court's ability at time of trial to control the admission of evidence into the record, Plaintiff should not be denied the opportunity to question Benero and Strickler in their depositions regarding the 2002 FD for the purpose of developing admissible evidence of the bias of these witnesses against Renda.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel the answers to deposition questions should be granted, and the Court should issue an Order allowing Plaintiff to resume Benero's deposition for up to an additional hour and compelling the Defendant to allow its witnesses, Thomas Benero and George J. Strickler, to answer questions in their depositions related to the preparation and issuance of the November 26, 2002 Contracting Officer's Final Decision referenced in paragraphs 67 – 69 of Defendant's Amended Answer.

Respectfully submitted,

*/s/ Terry L. Salazar*

Terry L. Salazar
Texas Bar No. 17527500
**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1857 (Telephone)
(214) 871-2111 (Telefax)

**ATTORNEY FOR RENDA MARINE, INC.**

January 7, 2008

## CERTIFICATE OF FILING

I hereby certify that on this 7th day of January, 2008, a copy of "PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Terry L. Salazar*
Terry L. Salazar