# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **RENDA MARINE, INC.,** | * | |
| Plaintiff, | * | |
| v. | * | No. 04-1786C |
| **THE UNITED STATES,** | * | (Filed Jan. 8, 2008) |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff on December 20, 2007, filed Plaintiff's Motion for Order Compelling Discovery Answers to Deposition Questions. Defendant filed a response on January 4, 2008, and plaintiff filed its reply on January 7, 2008.

Plaintiff asks the court to

> issue an Order allowing Plaintiff to resume [Thomas] Benero's deposition for up to an additional hour and compelling the Defendant to allow its witnesses, Thomas Benero and George J. Strickler, to answer questions in their depositions related to the preparation and issuance of the November 26, 2002 Contracting Officer's Final Decision referenced in paragraphs 67-69 of Defendant's Amended Answer [defendant's set-off claim].

Pl.'s Br. filed Dec. 20, 2007, at 6. Plaintiff's motion to compel stems from its June 26, 2007 oral deposition of Thomas Benero in Galveston, Texas, during which plaintiff sought to question Mr. Benero regarding the November 26, 2002 Contracting Officer's Final Decision (the "2002 Final Decision"), issued upon government claims against plaintiff relating to a different contract not at issue in this case. During the June 26, 2007 deposition, defendant objected to this line of questioning and instructed the witness not to answer any questions related to the document, at which point the deposition adjourned.

Plaintiff asserts that the inquiries it seeks to explore in its motion to compel are relevant and reasonably calculated to lead to the discovery of admissible evidence on the

issue of the witnesses' credibility and bias. Defendant opposes plaintiff's motion to compel on the grounds that it is untimely filed, it is premature as to the upcoming deposition of George J. Strickler, and it exceeds the scope of permissible discovery.

Defendant responds that plaintiff's motion to compel is untimely because plaintiff failed to file the motion before the close of fact discovery on August 31, 2007, and failed to offer any justification for its neglect to file the motion before August 31, 2007. Plaintiff replies that "the overall period of discovery does not close until January 18, 2008, the deadline for completion of expert discovery." Pl.'s Br. filed Jan. 7, 2008, at 1. As justification for any perceived delay in its filing of this motion, plaintiff asserts that it was awaiting the filing of a protective order following the deposition in reliance upon defense counsel's representation to plaintiff's counsel.

Plaintiff did not file an affidavit or a declaration to substantiate defense counsel's alleged representations concerning filing a protective order. Nonetheless, the court determines that plaintiff's motion is not untimely in the circumstances, given the close of expert discovery on January 18, 2008, and the fact that Mr. Strickler is defendant's expert.

Defendant opposes plaintiff's motion to compel discovery answers from Mr. Strickler as premature because the deposition has not yet taken place and because plaintiff "has not even established that Mr. Strickler had any involvement in the preparation or issuance of the contracting officer's November 26, 2002 decision." Def.'s Br. filed Jan. 4, 2007, at 7. Plaintiff's appendix includes August 2001 correspondence between Mr. Benero and other Army Corps of Engineers representatives alluding to "an analysis" performed by Mr. Strickler of the issues presented in plaintiff's claims, the subject of the 2002 Final Decision. Plaintiff has presented a sufficient factual predicate to permit the inquiry, as delimited by this order. Because defense counsel previously terminated inquiry into the circumstances of the 2002 Final Decision, and the deposition of Mr. Strickler is scheduled for January 10, 2008, this court's ruling on whether such inquiries are permissible is not premature.

Defendant opposes plaintiff's motion to compel on the final ground that the inquiry is beyond the scope of permissible discovery. Defendant correctly asserts that the 2002 Final Decision, which plaintiff failed to challenge in a timely manner as provided by 41 U.S.C. § 605(b) (2000), "is 'final and conclusive' and 'not subject to review.'" Def.'s Br. filed Jan. 4, 2008, at 9 (quoting Renda Marine v. United States, 71 Fed. Cl. 782, 797 (2006), aff'd, ___F.3d ___, No. 2006-5127, 2007 WL 4302725 (Fed Cir. Dec. 11, 2007)). Defendant argues that, "in order to assess the bias claim, the Court would have to make findings regarding Mr. Benero's November 26, 2002 decision. . . . which would contravene 41 U.S.C. § 605(b), which expressly proscribes review 'by any forum tribunal, or Government agency' of the decision of a contracting officer" if the claim is not timely filed,

as is the case for the 2002 Final Decision. Id. at 10 (quoting 41 U.S.C. § 605(b)); see Renda Marine, 71 Fed. Cl. at 797, aff'd, ___F.3d ___, No. 2006-5127, 2007 WL 4302725.

Plaintiff's final brief states that it "is not seeking any judicial review or determination regarding the finality or binding effect of the 2002 [Final Decision]; the U.S. Court of Appeals for the Federal Circuit has already spoken on the matter," but instead asserts that

> [i]f the Court believes that testimonial evidence demonstrates that Benero knew at the time he issued the 2002 [Final Decision] that it was factually incorrect or legally invalid, the Court could make findings about the credibility of this witness with respect to the ultimate issues of fact that will govern the Court's decision in this case.

Pl.'s Br. filed Jan. 7, 2008, at 3.

Given the importance of witness credibility and potential witness bias, the court will allow plaintiff to explore the issue of bias in its upcoming deposition with Mr. Strickler and allow continuation of its deposition of Mr. Benero on this subject. This exploration, however, is not unrestricted. The mere fact that a contracting officer decided adversely to plaintiff in a prior decision does not, of itself, reveal bias. If plaintiff has extrinsic evidence, such as prior statements of the deponents, sworn witness statements, or prior sworn testimony, or any other extrinsic evidence to support an assertion that either of the deponents "knew at the time [Mr. Benero] issued the 2002 [Final Decision] that it was factually incorrect or legally invalid," Pl.'s Br. filed Jan. 7, 2008, at 3, plaintiff may examine the deponent with respect to this evidence in order to show bias. Plaintiff however, may not use the depositions as "fishing expeditions" to establish the factual predicate that the 2002 Final Decision was "factually incorrect or legally invalid," as this would exceed the scope of permissible discovery and exhume the contracting officer's decision of 2002, the finality of which has been confirmed by the Federal Circuit. Accordingly,

**IT IS ORDERED**, as follows:

Plaintiff's motion to compel discovery answers is granted consistent with the limitations set forth herein.

s/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge